IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MICHAEL FLOYD,<br><br>    Petitioner,<br><br>    v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | CRIMINAL ACTION NO.: 4:23-cr-3 |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's November 25, 2024, Report and Recommendation, (doc. 83), to which Petitioner has objected, (doc. 86). For the reasons explained below, Floyd's Objection is **OVERRULED**. (Doc. 86.) The Court **ADOPTS** the Report and Recommendation as its opinion, as supplemented below. (Doc. 83); see, e.g., 28 U.S.C. § 636(b)(1) ("A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."). Floyd's 28 U.S.C. § 2255 Motion, (doc. 82), is **DISMISSED**.

Floyd pleaded guilty to a single count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 78, p. 1.) The Magistrate Judge explained that Floyd's § 2255 Motion asserted three grounds for relief. (Doc. 83, p. 2.) Ground One asserted that his counsel was ineffective in failing to sufficiently explain Floyd's appellate rights. (Id.; see also doc. 82-1, p. 11.) Ground Two asserts that his counsel was ineffective for failing to challenge his conviction pursuant to the Supreme Court's opinion in New York State Rifle & Pistol Association v. Bruen, 597 U.S. 1 (2022). (Doc. 83, p. 2; see also doc. 82-1, p. 4.)

Finally, Ground Three asserts that his counsel was ineffective for failing to research or investigate the challenge discussed in Ground Two.  (Doc. 83, p. 2; see also doc. 82-1, p. 5.)  The Magistrate Judge explained Floyd's factual assertions in Ground One are contradicted by the record in this case.  (Doc. 83, pp. 5-6.)  He then explained that Floyd's counsel could not have been ineffective for failing to address the application of Bruen because any argument for that application is foreclosed by binding precedent.  (Id., pp. 7-10.)  Floyd does not object to the Magistrate Judge's explanation of the law applicable to his various claims.  (See generally doc. 86.)  The Court, therefore, adopts those explanations without restating them.

Floyd first objects to the Magistrate Judge's recommendation that Ground One be dismissed by repeating his assertion that he "was given **NO ADVICE** regarding his appeal rights." (Doc. 86, p. 1.)  However, as the Magistrate Judge explained, that allegation is flatly contradicted by Floyd's prior sworn declaration that he had discussed his appellate rights with counsel and Floyd had decided not to appeal.  (Doc. 83, p. 5; see also doc. 75.)  As the Magistrate Judge explained, given his prior sworn statement, he "cannot now rely on the self-serving assertion of non-consultation . . . ."  (Doc. 83, p. 5 (citing Eubank v. United States, CV416-054, CR414-005, 2016 WL 750344, at *1 (S.D. Ga. Feb. 25, 2016), adopted 2016 WL 1464578 (S.D. Ga. Apr. 13, 2016), certificate of appealability denied, No. 16-11933-F, 2016 WL 6246827 (11th Cir. Oct. 25, 2016)).)  Floyd's Objection does not acknowledge, much less attempt to explain, his prior Certification.  (See generally doc. 86.)  His repetition of his original assertion, regardless of his emphasis, remains flatly contradicted by the record.  His objection to the Magistrate Judge's recommendation that Ground One be dismissed is, therefore, **OVERRULED**.

Floyd also objects to the Magistrate Judge's analysis of his second and third grounds. (Doc. 86, pp. 1-3.)  The Magistrate Judge explained that both grounds assert his counsel was

2

ineffective for failing to identify and then raise a challenge to his prosecution and conviction as a violation of his Second Amendment rights. (Doc. 83, p. 7.) The Magistrate Judge explained that Floyd's argument for that violation depended upon the fact that his prior felony convictions, which resulted in his prohibition from possessing firearms, were "non-violent." (Id.; see also doc. 82-1, p. 13.) As the Magistrate Judge explained, his argument that the Supreme Court's opinion in Bruen altered the Eleventh Circuit's established precedent that the categorical prohibition on felons' possession of firearms did not violate the Second Amendment has been expressly rejected. (Doc. 83, pp. 7-9 (collecting cases).) Given that the underlying argument is meritless, Floyd's counsel could not have been ineffective for failing to identify or raise it. (Doc. 83, pp. 9-10.) Floyd's objection asserts that the Magistrate Judge erred in relying on Eleventh Circuit precedent because "it cannot be reasonably logical that a circuit precedent overrules a Supreme Court ruling." (Doc. 86, p. 2.) However, that objection fails to appreciate that the Eleventh Circuit cases cited by the Magistrate Judge do not "overrule" Bruen, they merely explain its significance. Floyd's objection that his counsel should have investigated out-of-circuit precedent more favorable to his argument, (id.), also misunderstands that such authority does not alter the binding nature of the Eleventh Circuit's holdings on this Court. See, e.g., Arriaga v. Florida Pacific Farms, L.L.C., 305 F.3d 1228, 1240 n. 15 (11th Cir. 2002) (while decisions from other circuits are to be considered, "[o]nly the decisions of the Supreme Court and [the Eleventh Circuit] are binding on the district courts of this circuit."). As the overwhelming and unanimous Eleventh Circuit authority cited by the Magistrate Judge makes clear, (doc. 83, pp. 7-8), controlling precedent forecloses Floyd's argument.[1] Since the argument that Floyd asserts his counsel was ineffective for failing to

---

[1] The Court notes that one of the critical cases relied upon by the Magistrate Judge, United States v. Dubois, 94 F.4th 1284 (11th Cir. 2024), has been vacated by the Supreme Court, Dubois v. United States, ___ S. Ct. ___, 2025 WL 76413 (U.S. Jan. 13, 2025). The Supreme Court's remanded the case "for further consideration in light of United Staes v. Rahimi, 602 U.S. 680 (2024)." Id. However, the Eleventh Circuit

identify and raise was, at least, meritless when he was convicted, his assertions fail.  (See doc. 83, pp. 9-10 (citing Thompson v. United States, 826 F. App'x 721, 727 (11th Cir. 2020) (citations omitted) ("[T]rial counsel cannot be found ineffective for failure to raise a meritless argument.").  Floyd's objection to the Magistrate Judge's analysis of Grounds Two and Three is, therefore, overruled.

Floyd's Objection to the Magistrate Judge's Report and Recommendation is, therefore, **OVERRULED**.  (Doc. 86.)  After careful de novo review of the entire record the Court **ADOPTS** the Report and Recommendation as its opinion.  (Doc. 83.)  Floyd's 28 U.S.C. § 2255 Motion is **DISMISSED**.  (Doc. 82.)  There are no discernable issues worthy of a certificate of appeal.  Therefore, the Court **DENIES** the issuance of a Certificate of Appealability.  Floyd is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing Section 2255 Cases in the United States District Courts.  Furthermore, as there are no non-frivolous issues to raise on

---

has considered the effect of Rahimi on its determination, in United States v. Rozier, 598 F.3d 768 (11th Cir. 2010), that § 922(g)'s categorical prohibition on felons' possession of firearms does not violate the Second Amendment remains valid.  See United States v. Thomas, 2024 WL 3874142, at *3 (11th Cir. Aug. 20, 2024).  Given the Eleventh Circuit's reaffirmation of Rozier, upon consideration of Rahimi, the Supreme Court's remand of Dubois does not alter the analysis of Floyd's assertion of ineffective assistance.  The authority cited by the Magistrate Judge establishes that, at least when Floyd was convicted, binding precedent foreclosed the argument that § 922(g)'s application to him violated the Second Amendment.  As the Magistrate Judge noted, (doc. 83, p. 9 n. 2), even if that conclusion were, someday, reversed, his counsel could not be ineffective for failing to anticipate that change in the law.  See, e.g., Steiner v. United States, 940 F.3d 1282, 1293 (11th Cir. 2019) ("An attorney's failure to anticipate a change in the law does not constitute ineffective assistance.").

appeal, an appeal would not be taken in good faith. Thus, the Court likewise **DENIES** Floyd *in forma pauperis* status on appeal. The Court **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal.

**SO ORDERED**, this 30th day of January, 2025.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA